951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth G. DORRIS, and Patti M. Dorris, Plaintiffs-Appellants,
v.
John FLOYD, M.D., a Nebraska resident, Defendant-Appellee.
 No. 91-6235.
 United States Court of Appeals, Tenth Circuit.
 Dec. 17, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing plaintiffs' suit for lack of subject-matter jurisdiction. The district court found that defendant John Floyd in this case was acting in his capacity as a guardian of his mother and therefore was deemed a resident of Oklahoma for the purposes of diversity of citizenship. Because the plaintiffs are residents of Oklahoma, the district court held that it lacked subject-matter jurisdiction over the action because the complete diversity requirements of 28 U.S.C. § 1332 were not satisfied. We agree and affirm.
 
 
 3
 Plaintiffs Kenneth and Patty Dorris, residents of Oklahoma, sued John H. Floyd, M.D. for injuries that occurred as a result of an inspection of rental property that Floyd was managing as guardian for his incapacitated mother. Section 1332(c)(2) of title 28 provides that "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." In this case, defendant's mother was a citizen of the State of Oklahoma so that the defendant also must be deemed a citizen of Oklahoma for purposes of determining diversity of citizenship. Therefore, the district court correctly determined that there is not complete diversity of citizenship in this case.
 
 
 4
 Plaintiffs fundamentally misunderstand the purpose of the diversity jurisdiction statutes that vest the federal courts with limited jurisdiction. Plaintiffs characterize the result of the dismissal as immunity for an alleged negligent tortfeasor. That is simply incorrect. Jurisdictional limitations merely direct parties to the appropriate courts in which to bring their actions and in no way divest parties of rights that may be available in other courts. Unless other state law jurisdictional bars exist, a suit between citizens of the same state should be brought in the state courts.
 
 
 5
 The district court's order dismissing for lack of subject-matter jurisdiction is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3